# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 22-324V

| | |
|---|---|
| AMY MARTINEAU JEREB,<br><br>　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: December 19, 2025 |

*Jonathan Joseph Svitak*, Shannon Law Group, P.C., Woodridge, IL, for Petitioner.

*Rachelle Bishop*, U.S. Department of Justice, Washington, DC, for Respondent.

### **RULING ON ENTITLEMENT AND DECISION AWARDING DAMAGES**[1]

On March 24, 2022, Amy Bishop filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a Table injury – shoulder injury related to vaccine administration ("SIRVA") - as the result of an influenza vaccine received on October 13, 2020. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters (the "SPU"). Because entitlement was contested, the parties were ordered to file briefs addressing whether Petitioner has established a Table claim,

---

[1] Because this Ruling and Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

and setting forth their respective arguments on damages should I find entitlement in favor of Petitioner. ECF No. 36. The parties were subsequently notified that I would resolve this dispute via an expedited "Motions Day" hearing, which took place on December 19, 2025. ECF No. 40; Non-PDF Hearing Order issued December 2, 2025.

Petitioner argues she has established a Table claim for SIRVA pursuant to 42 C.F.R. §§ 100.3(a)(XIV)(B) and 100.3(c)(10) and seeks an award of $65,000.00 in compensation for Petitioner's actual pain and suffering, plus $693.72 for reimbursement of her Medicaid lien. ECF No. 38. Respondent disputes that the Table elements have been met, specifically arguing that Petitioner has failed to establish that she suffered the onset of pain within 48 hours of vaccination pursuant C.F.R. §§ 100.3(a)(XIV)(B), 100.3(c)(10)(ii) (although he challenges no other claim elements). ECF No. 39. Otherwise, if I find that Petitioner has established a Table case, Respondent recommends an award of $20,000.00 for pain and suffering, and an award of $681.19[3] for reimbursement of Petitioner's Medicaid lien. ECF No. 39. A Reply brief was not filed by Petitioner.

After considering the arguments of both sides, I issued an oral ruling on entitlement and damages constituting my findings of fact and conclusions of law, pursuant to Section 12(d)(3)(A). An official recording of the proceeding was taken by a court reporter, although a transcript has not yet been filed in this matter. I hereby fully adopt and incorporate that oral ruling as officially recorded. In another recent decision I discussed at length the legal standards to be considered in determining entitlement and damages and prior SIRVA compensation within SPU. I incorporate herein my prior discussion in Sections II (A) and III (A) and (B)(1-2) of *Thomas v. Sec'y of Health & Hum. Servs.,* No. 22-1941V, 2025 WL 1082606, at *2-3; 5-7 (Fed. Cl. Spec. Mstr. Mar. 7, 2025) to the instant Ruling and Decision. Additionally, the official recording of my oral ruling includes my discussion of various comparable cases as well as specific facts relating to Petitioner's medical history and experience that further informed my resolution of this matter.

Based on my review of the complete record as a whole, and for the reasons discussed in my oral ruling, pursuant to Section 12(d)(3)(A) of the Vaccine Act I find that Petitioner has established that she suffered the onset of pain within 48 hours of vaccination and that all other SIRVA Table requirements are met (*see* 42 C.F.R. §§ 100.3(a)(XIV)(B), 100.3(c)(10)). Additionally, Petitioner has established the other claim requirements listed in Section 11(c), *i.e.,* receipt of a covered vaccine, etc. *See generally* § 11(c)(1)(A)(B)(E). I therefore find that Petitioner is entitled to compensation in this case,

---

[3] Respondent disputes reimbursement of a $12.53 charge for Petitioner's cervical spine xray included in her Medicaid lien itemization. ECF No. 39 at 16; Ex. 17 at 2.

and that $37,500.00 represents a fair and appropriate amount of damages for Petitioner's actual pain and suffering, plus $681.19 for reimbursement of her Medicaid lien.[4]

Accordingly, **I award the following compensation:**

1. **A lump sum payment of $37,500.00 (representing pain and suffering) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement; and**

2. **A lump sum payment of $681.19, representing compensation for the State of Virginia Medicaid lien, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to:**

    **Office of the Attorney General**
    **Financial Recovery Section**
    **Attn: Valerie Hill**
    **P.O. Box 610**
    **Richmond, VA 23218**

This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

> **s/Brian H. Corcoran**
> Brian H. Corcoran
> Chief Special Master

---

[4] Since this amount is being awarded for actual, rather than projected, pain and suffering, no reduction to net present value is required. *See* Section 15(f)(4)(A); *Childers v. Sec'y of Health & Hum. Servs.*, No. 96-0194V, 1999 WL 159844, at *1 (Fed. Cl. Spec. Mstr. Mar. 5, 1999) (citing *Youngblood v. Sec'y of Health & Hum. Servs.*, 32 F.3d 552 (Fed. Cir. 1994)).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.